**Manuel P. Lena Jr.**
Texas Bar No. 12201255
Attorney, Tax Division
U. S. Department of Justice
717 N. Harwood, Suite 400
Dallas, Texas 75201
214/880-9750 or 9721[9741fax]
Attorney for United States (IRS)

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE NORTHERN DISTRICT OF TEXAS
# AMARILLO DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| KELLY WILLIAM BYERS, | § | CASE 07-20552-RLJ-7 |
| Debtor | § | |
| ---------------------------------§--------------------------------- | | |
| KELLY WILLIAM BYERS, | § | |
| Plaintiff | § | |
| v. | § | ADVERSARY # 08-02008-RLJ |
| UNITED STATES (IRS) | § | |
| Defendant | § | |

## UNITED STATES' ANSWER

The United States (IRS) responds to Kelly William Byers' Original Complaint to Determine Tax Liability Under Section 505 as follows:

1. Denies that 11 U.S.C. § 542 provides the Court with jurisdiction over Plaintiff's Complaint. The Complaint seeks relief under 11 U.S.C. § 505, asks the Court for its determination of the dischargeability of the IRS debts against Plaintiff, and seeks a determination of the nature, extent & validity of the IRS liens. Consequently, jurisdiction exists more properly under 11 U.S.C. §§ 506 and 523, as well as § 505.

2. Admits paragraph 2 and 3 of the Complaint.

3. Denies paragraph 4 of the Complaint.

4. Denies paragraph 5 of the Complaint. Plaintiff's unpaid federal income (1040) tax

1

liabilities for tax year 2001 for $27,249.91, for tax year 2003 for $14,340.58, and for tax year 2004 for $91,174.53 are NOT dischargeable inasmuch as Plaintiff failed to file a tax return for those years. 11 U.S.C. § 523(a)(1)(B)(i). Plaintiff's unpaid federal income (1040) tax liability for tax year 2006 for $3,356.64 is not dischargeable under 11 U.S.C. § 507(a)(8)(A)(i) and 11 U.S.C. § 523(a)(1)(A). Admits that Plaintiffs' unpaid federal income (1040) tax liabilities for tax years 1998, 1999, and 2000 are dischargeable in this case when Plaintiff earns his chapter 7 general discharge, but adds that the IRS liens filed for those tax years pass through unaffected by the bankruptcy. The IRS federal tax liens against Plaintiff for tax years 1998, 1999 and 2000 were filed in accordance with 26 U.S.C. § 6323(f) and are valid; these liens are not dischargeable, void or voidable, and shall remain valid and attached to the Plaintiff's exempt and non-exempt property or rights to property which existed at the time of this bankruptcy petition, pursuant to 11 U.S.C. § 522(c)(2)(B). Furthermore, under Dewsnup v. Timm, 502 U.S. 410 (1992), and In re Koppersmith, 156 B.R. 537, 539 (Bankr. S.D. Tex. 1993), these federal tax liens may be satisfied, after bankruptcy, out of said prepetition property and rights to property, and out of any increases in the value of said prepetition property and rights to property.

5. Denies paragraph 6 for the reasons recited in the U.S. answer to paragraph 4 above.

6. Denies paragraph 7 for the reasons recited in the U.S. answer to paragraph 4 above.

7. Denies all other allegations not specifically admitted, qualified, or denied.

**/s/ Manuel P. Lena Jr.**
**Manuel P. Lena Jr.**
Texas Bar No. 12201255
Attorney, Tax Division
U. S. Department of Justice
717 N. Harwood, Suite 400
Dallas, Texas 75201
214/880-9750 or 9721[9741fax]
Attorney for United States (IRS)

## **CERTIFICATE OF SERVICE**

IT IS HEREBY CERTIFIED that service of the foregoing document has been made on 9 April, 2008, by electronic service and/or by mailing a copy thereof to:

Bill Kinkead
6937 S. Bell, Suite G
Amarillo, TX 79109

                                  **/s/ Manuel P. Lena Jr.**
                                  **Manuel P. Lena Jr.**